IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED

MAY 1 0 2013

CLERK, US DISTRICT COURT
NORFOLK, VA

ANGELEX LTD., as owner of the M/V ANTONIS
G. PAPPADAKIS, and the M/V ANTONIS G.
PAPPADAKIS in rem,

    Petitioners,

v.        Civil No. 2:13cv237

UNITED STATES OF AMERICA,
UNITED STATES COAST GUARD, and
UNITED STATES CUSTOMS AND BORDER
PROTECTION AGENCY,

    Respondents.

## OPINION AND ORDER

Before the Court is the motion of the respondents to stay the Court's Order of May 8, 2013, filed pursuant to Rule 62(c) of the Federal Rules of Civil Procedure in the evening hours of May 9, 2013. The Order of May 8, 2013, directed the release of the M/V ANTONIS G. PAPPADAKIS upon the filing of a $1.5 million surety bond subject to certain conditions. On May 9, 2013, the respondents filed a notice of appeal and the instant motion. The motion requests that the Court stay the Order of May 8, 2013, pending appeal, or, in the alternative, that the Court administratively stay the Order of May 8, 2013, until 5:00 p.m. on Monday, May 13, 2013, to permit the respondents sufficient time to prepare and file a similar motion for filing in the Fourth Circuit. The petitioners have not yet responded to the motion.

At the outset, the Court notes that the respondents request, in the alternative, an administrative stay until 5:00 p.m. on Monday, May 13, 2013. Prior to entry of the Order of May 8, 2013, the respondents requested that the Court stay the effect of the then-anticipated order for a

period of one day to permit them to prepare an appeal. The Court accommodated this request, providing in the Order of May 8, 2013, that the order would be stayed for a period of one day. Indeed, the Court gave the respondents everything they wanted, including in its order most, if not all, of the conditions the respondents requested of which they currently had probable jurisdiction. Now the respondents return with a motion, filed at the proverbial eleventh hour, requesting that the Court stay its order for an additional period of nearly four days, and complaining that additional conditions (e.g., concerning jurisdiction of the non-party operator of the vessel) were not adopted by the Court.

The Court further notes that the motion was filed well after the close of business yesterday, mere hours before it was set to expire, and that the petitioners are expected to post bond for the vessel as early as this morning, several hours later. It is unclear why the respondents could not have made this request for additional time to prepare themselves for appeal at the outset, or at least early enough in the day that they might have obtained a ruling prior to expiration of the Court's original one-day stay. Nevertheless, in light of the urgent nature of this request, imposed by the respondents' own delay in making the request for additional time, the undersigned will delay setting out on the half-day journey to his sixtieth law school reunion, scheduled to begin later today.

The respondents' request for an additional temporary, administrative stay of the Order of May 8, 2013, until 5:00 p.m. on May 13, 2013, is **DENIED** for the following reasons.

What the respondents really want, though, is a full stay for an indefinite period, pending resolution of their newly filed appeal to the Fourth Circuit. "A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). The granting of a stay pending appeal is "extraordinary relief," and the party requesting a stay bears a "heavy burden."

Winston-Salem/Forsyth County Bd. Of Educ. v. Scott, 404 U.S. 1221, 1231 (1971) (Burger, Circuit Justice).

In determining whether to grant a stay pursuant to Rule 62(c), a court considers four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987). "The first two factors of [this] standard are the most critical." Nken, 556 U.S. at 434. The stay applicant must demonstrate that both factors are satisfied—not only must success on the merits be likely, but irreparable injury must be likely as well. Id. at 434–35; see also Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 21–22 (2008); Natural Res. Def. Council v. F.D.A., 884 F. Supp.2d 108, 122 & n.12 (S.D.N.Y. 2012). "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." Nken, 556 U.S. at 435.

In their motion papers, the respondents have tried to address the likelihood of irreparable injury, identifying several reasons that release of the vessel on bond might "jeopardize" prosecution of the related criminal case. **Most notably, the form of surety bond set forth in the respondents' motion papers is not the form of surety bond approved by the Court. The language set forth in the respondents' motion papers is taken from the original bond language which was rejected by this Court.** The Court later approved a revised form of surety bond. See ECF No. 25. Moreover, the Court finds no credible showing of irreparable harm to the government's criminal investigation in this matter. The vessel has been detained since April 19—almost a month now—and Coast Guard investigators have had access to the vessel and its crew for investigation. Under the conditions of the bond, the engineering crew is required to stay in this district for a period of thirty days to facilitate the investigation and the taking of depositions. To the extent any further

3

detention of the crew is necessary to the prosecution of criminal charges, the government may exercise its authority under the material witness statute, 18 U.S.C. § 3144.

But nowhere do the respondents address their likelihood of success on the merits on appeal. Nor have the petitioners addressed the third or fourth factors—harm to the opposing party and the public interest. The petitioners have not yet weighed in with their response, but the Court expects the petitioners would attempt to show, at a minimum, that granting a stay pending appeal would substantially injure the owner of the vessel to the tune of approximately $16,000 per day and likely cause the bankruptcy or dissolution of the company, and that it would cause undue hardship to the crewmembers of the vessel, stranded indefinitely in a foreign port far from home. As for the public interest, the Court notes that the public has an interest in effective law enforcement and the protection of the environment, which clearly favor the respondents, but it also has an interest in the protection of due process rights and the avoidance of disruptions to commerce, which clearly favor the petitioners, as well as the fair and just administration of justice.

The respondents have failed to show that their chance of success on appeal is "better than negligible" or "possible," much less "likely." See id. at 434. Having failed to pass the requirements for a stay, the respondents' motion for a stay of any kind is DENIED.

**IT IS SO ORDERED.**

May 10, 2013
Norfolk, Virginia

Robert G. Doumar
Senior United States District Judge